No. 14381

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

THE STATE OF MONTANA,

        Plaintiff and Respondent,

   -vs-

DENNIS SULLIVAN and DAVID A. DePUE,

        Defendants and Appellants.

Appeal from:  District Court of the Second Judicial District,
              Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

    For Appellants:

        Leonard J. Haxby argued, Butte, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Mary B. Troland argued, Assistant Attorney General,
        John G. Winston argued, County Attorney, Butte, Montana

                     Submitted:  January 29, 1979

                     Decided:  MAY 2 3 1979

Filed:  MAY 2 3 1979

*Thomas J. Keaney*
                Clerk

Mr. Justice Daniel J. Shea delivered the Opinion to the Court.

Defendants Sullivan and DePue appeal from a judgment of the Silver Bow County District Court convicting them, after a jury verdict, of the crime of robbery.

At about 3:30 a.m. on December 25, 1977, two men entered the Circle K store in Butte, Montana. They approached the till behind which William Rabey, a store employee, was standing. One of the men cocked and pointed a .38 caliber revolver at Rabey, told him to lie on the floor and keep still or he would be shot. The cash registers and safe were being emptied when Ms. Mattson, a prospective customer, entered the store and approached the counter. She, too, was ordered at gun point to lie on the floor. Before the men left, one of them broke the locked glass door of the store's beer cooler, took some beer and cut his hand in the process.

Later the same morning, the defendants were stopped in Anaconda, Montana and a .38 caliber revolver was removed from defendant DePue's person. With DePue's written consent, police officers searched his vehicle and found various items connecting the defendants with the robbery including bags of money from the Circle K store, a case of beer and a box of gun shells. Defendants were advised of their constitutional rights both verbally and in writing as evidenced by their signatures on "rights cards". While in custody, Officer Wilkinson questioned the defendants and attended to Sullivan's cut hand. Sullivan stated at trial that his hand was cut by a broken beer bottle in a fall. According to Officer Wilkinson's testimony, DePue stated the money found in his car was won in a gambling game, but defendant Sullivan admitted

it came from the Circle K store in Butte. At trial, both defendants denied having made these statements and maintained they did not know how the money got into the car.

On the day after the robbery, police officers showed mug books to Rabey and Ms. Mattson. Rabey positively identified defendants Sullivan and DePue from the photographic line ups. Ms. Mattson recognized DePue's picture but had some difficulty finding Sullivan's likeness. At trial she admitted that her identification of Sullivan was aided by the police informing her that he had been arrested with DePue.

Defendants relied on an alibi defense at trial. They claimed to be asleep at a friend's house when the robbery took place. However, no witness testified to corroborate their alibi. The State's case began with testimony from Rabey and Mattson. Rabey described the robbers in significant detail. In recalling their faces, he stated one robber had no mustache or beard and the other had stubble, but not a full beard. Ms. Mattson, on the other hand, testified that the robber who held the gun on her had a beard.

Following a verdict of guilty, defendants were each sentenced to serve thirty years in prison.

Defendants raise the following issues for our review:

1. Did the District Court err in denying defendants' motion to dismiss and motion for a directed verdict at the close of the State's case-in-chief?

2. Did the District Court err in either giving or refusing certain instructions?

3. Did the District Court err in admitting certain real and testimonial evidence?

-3-

4. Did the District Court err in allowing a witness to testify concerning her pretrial photographic identification of defendants?

Defendants maintain that the court erred in denying their motions for dismissal and directed verdict at the close of the State's case-in-chief. The motions were based in part on the State's purported failure to establish the fear element of robbery. Section 94-5-401(1)(b), R.C.M. 1947, now section 45-5-401(1)(b) MCA, requires proof that the accused either "threatens to inflict bodily injury" upon another or "purposely or knowingly puts any person in fear of immediate bodily injury." Either element alone is sufficient to satisfy the statute. Even so, the State's case contained evidence of both the threat of bodily injury and of fear instilled in the victims. Rabey testified that defendant DePue threatened to "blow [his] . . . head off" if he moved and that he was afraid during the robbery. Ms. Mattson testified that defendant DePue pointed a gun at her and that she too was afraid he would harm her.

Defendants' motion to dismiss was also based on the State's alleged failure to prove the identity of the defendants as the robbers. Defendants point to the conflict of Ms. Mattson's in court recollection that the robbers had facial hair and Rabey's testimony that they were clean shaven. A motion for directed verdict or dismissal should only be granted if there is no evidence upon which the jury could rest its verdict. State v. Thompson (1978), _____ Mont. _____, 576 P.2d 1105, 1108, 35 St.Rep. 343, 346.

Here, there was substantial evidence, apart from the in-court identifications, that connected these defendants with the crime. The day after the robbery, both witnesses to the offense positively identified the defendants as the robbers by photographic line up. The fruits of the crime were found in defendant DePue's automobile. Officer Wilkinson testified that defendant Sullivan admitted obtaining these items from the Circle K store in Butte. Clearly, there was no error in denial of defendants' motions for dismissal or directed verdict.

Defendants next assign error to the court's giving of an instruction which stated in part that a witness can be impeached "by evidence that he has previously been convicted of a felony." This is an incorrect statement of the law in Montana. Rule 609, Mont.R.Evid. prohibits evidence of prior convictions for the purpose of attacking the credibility of a witness. The rationale underlying this rule is that proof of a prior felony conviction does not necessarily evidence a willingness to lie. In the instant case, however, the instruction though improper, was not prejudicial. Both defendants testified on their own behalf, but the fact of their prior felony convictions was not brought to the jury's attention, and no other witnesses testified that they had a previous felony conviction. Since the error did not affect the substantial rights of the defendants, it does not warrant reversal of their convictions. Section 95-2425, R.C.M. 1947, now section 46-20-702 MCA.

Two instructions are challenged as repetitious and unduly emphasizing a theory advanced by the State to defendants' prejudice. One instruction is a quotation of the robbery

-5-

statute. The other sets out the elements of proof under the statute. These instructions merely aided the jurors in applying the law to the case. We fail to see any prejudice under the facts of this case.

Defendants argue that by refusing four proposed instructions, the court effectively withdrew a theory of the case supported by the evidence. However, they do not say just what theory was affected by the withdrawn instructions. One instruction, on the state's burden of proof and the jury's right of mutual consultation, was fully addressed in several instructions given by the court. An instruction on the probative value of witness testimony was fully covered by another instruction. An instruction on jury deliberation was fully explained in an instruction given by the court. Finally, the material in an instruction explaining the role of the jury and the meaning of certain actions taken by the judge and counsel during trial was included in four instructions given by the court. Refusal to give instructions on the same subject is not prejudicial error. State v. Larson (1978), ____ Mont. _____, 574 P. 2d 266, 270, 35 St.Rep. 69, 74. Each of the proposed instructions cited by the defendants was adequately presented, and more clearly expressed, by the instructions actually given.

The third issue involves the admissibility of certain testimonial and real evidence which at trial was objected to as "without proper foundation".

Officer Wilkinson's testimony on defendant Sullivan's alleged statement that the bags of money found in DePue's car were from the Circle K is now challenged as both without proper foundation and as hearsay. According to defendants, the proper foundation should include place, date, and time of

-6-

the statement as well as the persons present. No such foundational prerequisite is mandated by law. It was sufficient that Officer Wilkinson had personal knowledge under Rule 602, Mont.R.Evid. and that the statement was voluntarily made. State v. Lenon (1977), _____ Mont. _____, 570 P.2d 901, 906, 34 St.Rep. 1153, 1157. Defendants' hearsay argument is unreviewable because not specified at trial. Rule 103(a)(1), Mont.R.Evid.

The copy of the receipt for items seized on search of defendant DePue's automobile (exhibit no. 7) was introduced through Officer Krumm who made the search, prepared and signed the document. Again, defendants' contention is "no proper foundation". The substance of defendants' contention is unintelligible. We find no error in admission of the document.

Admission of exhibit no. 9, a rights card signed by defendant DePue, is challenged as in violation of Rule 104(b), Mont.R.Evid. Apparently defendants disapprove of the order in which the State presented the facts at trial, arguing that the card should have been introduced through Officer Wilkinson, who signed the card, rather than Officer Ivankovich, "who had nothing to do with the document". Officer Ivankovich testified that he saw defendant DePue sign the card in his presence. If counsel's foundational objection was pursuant to Rule 104(b), he should have stated why the proferred evidence should only have been conditionally admitted, i.e. what "connecting facts" were missing. It would then be incumbent upon him (not the court) to renew the objection after the State rested its case by motion to strike. Officer Ivankovich's firsthand knowledge that the

document was what it purported to be was sufficient for its introduction and admissibility. Rule 901(b)(1), Mont. R.Evid.

Finally, defendants claim prejudicial error in allowing Ms. Mattson to testify on her pretrial photographic identification of the defendants. Ms. Mattson's mug shot identification of defendant Sullivan was admittedly "with the help of the police". Her difficulty in identification might be explainable in that when she entered the Circle K, one of the robbers had his back to her and she only "glanced" at him. In any event, defense counsel failed to object and thus preserve this issue for appellate review. Rule 103(a) (1), Mont.R.Evid.

Defendants' convictions are affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices